857 F.2d 1474
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James L. HIGGS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-1914.
 United States Court of Appeals, Sixth Circuit.
 Sept. 9, 1988.
 
 Before ENGEL, Chief Judge, MILBURN, Circuit Judge, and DAVID D. DOWD,* District Judge.
 PER CURIAM.
 
 
 1
 James L. Higgs appeals from a decision of Judge George E. Woods of the United States District Court for the Eastern District of Michigan Southern Division, granting summary judgment to the Secretary of Health and Human Services in Higgs' action to review the Secretary's decision denying his application for disability benefits under the Social Security Act, 42 U.S.C. Sec. 301 et seq.
 
 
 2
 Higgs, who is currently 59 years old, had worked as a journeyman pipefitter until January 21, 1982. He alleged that at that time he became unable to work because of a torn rotator cuff, chronic asthma and high blood pressure. He stated that his hypertension caused him to have frequent headaches. He further stated that his shoulder condition caused him severe pain, both when his arm was elevated and when it was not. He also stated that his medication made him drowsy.
 
 
 3
 Higgs' application was denied both initially and upon reconsideration. Higgs then requested a hearing before an administrative law judge. In a decision dated June 26, 1986 administrative law judge Steven F. Osinski found that Higgs was not disabled as defined by 20 C.F.R. 404.1520(f) and therefore denied disability benefits.
 
 
 4
 The ALJ found that Higgs had not been engaged in gainful employment since his alleged onset date. He further found that Higgs suffered from a severe impairment that rendered him incapable of performing his previous pipefitting work. However, since the ALJ found that none of Higgs' impairments, taken separately or together, met or equaled a listed impairment in Appendix 1 of Subpart P of the Secretary's regulations, he determined that vocational factors had to be considered.
 
 
 5
 Miriam Mossoff, the vocational expert, testified that Higgs' former employment as a pipefitter was skilled, heavy work which provided Higgs with a variety of transferable vocational skills including tool usage, the ability to select pipe to specifications, the ability to plan installation sequences and the ability to assemble and install pipe fittings.
 
 
 6
 In response to a series of hypothetical questions from the ALJ, Mossoff stated that Higgs would be able to work in semi-skilled light labor, assuming that he suffered from treatable hypertension, mild asthmatic bronchitis and an injured right shoulder. She found that there were 2,000 of these jobs in the Detroit area and 5,000 in the State of Michigan. However, she further testified that if one were to credit Higgs' statements regarding shoulder pain and drowsiness, he would be incapable of performing any substantial gainful employment.
 
 
 7
 The ALJ found that Higgs' subjective complaints about drowsiness and pain were "not supported by objective medical evidence." Thus, using the vocational finding that Higgs was capable of performing light semi-skilled work, the ALJ applied Table No. 2 of 20 C.F.R. 404 subpart P appendix 2 and determined that Higgs was not disabled.
 
 
 8
 The Appeals Council decided to let the ALJ's decision stand as the decision of the Secretary. Higgs then filed a complaint in district court on December 10, 1986. The magistrate found that the ALJ's decision was supported by substantial evidence and therefore recommended that it be affirmed. The district court adopted the magistrate's recommendation and granted the Secretary's motion for summary judgment.
 
 
 9
 On appeal, Higgs contends that the ALJ's decision was not based upon substantial evidence. Particularly, he claims that the ALJ failed to evaluate the side effects of his medication properly and failed to give credit to his allegations of pain.
 
 
 10
 After a careful review of the entire record, the court is of the opinion that ample evidence supports the determination of the Secretary and the district judge's acceptance of the magistrate's report and recommendation denying the petition for review.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable David D. Dowd, United States District Judge for the Northern District of Ohio, sitting by designation